UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CSABA DETARI,

    Plaintiff,
v.                              Case No. 8:18-cv-3030-T-33JSS

FEDERAL EXPRESS CORPORATION
and JOHN DOE,

    Defendants.
_____/

**ORDER**

On October 11, 2017, a Fed-Ex van rear-ended a Ford F-150 Truck driven by Csaba Detari. (Doc. # 1-5 at ¶ 6). Detari retained counsel and on March 27, 2018, sent Fed-Ex a demand letter seeking $250,000. (Doc. # 1-1). Detari filed a personal injury action against Fed-Ex in state court on November 19, 2018, and served Fed-Ex on November 28, 2018. (Doc. # 1-2). On December 11, 2018, Detari amended the Complaint to include a John Doe Defendant -- the unidentified driver of the Fed-Ex van. (Doc. # 1-5). Fed-Ex timely removed the case to this Court on December 17, 2018, asserting that the requirements for diversity jurisdiction have been satisfied. (Doc. # 1). As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.  Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941).  Any doubt as to propriety of removal should be resolved in favor of remand to state court.  Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**II. Discussion**

**A.  Citizenship**

In the Notice of Removal, Fed-Ex predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties

2

must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Fed-Ex is a Delaware corporation with its principal place of business in Tennessee. (Doc. # 1 at ¶ 10). Fed-Ex explains that the John Doe Defendant's citizenship is immaterial because, under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity of citizenship] jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." As for Detari, Fed-Ex indicates that he is a "resident" of Florida. (Doc. # 1 at ¶ 9). However, as explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Even if the Court were to engage in the assumption that Detari is, in fact, a citizen of Florida, the case would nevertheless be remanded because the amount in controversy has not been met.

**B.  Amount in Controversy**

In his Amended Complaint, Detari states: "The amount in controversy in this cause of action exceeds Fifteen Thousand Dollars ($15,000.00)." (Doc. # 1-5 at ¶ 1). Detari describes

3

his injuries and damages in the Amended Complaint as follows:

> As a direct and proximate result of said crash and impact, Plaintiff Csaba Detari, sustained permanent bodily injuries and has incurred physical pain and suffering, mental anguish, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, the reasonable value and expenses of hospital, medical and nursing care and treatment, loss of earnings and loss of earning capacity. All of the above damages have been incurred in the past, and are occurring presently and will continue to be incurred in the future. The injuries sustained by Plaintiff, Csaba Detari, are permanent within a reasonable degree of medical probability and the aforesaid damages include past, present and future losses for the remainder of his life expectancy.

(Id. at ¶¶ 12-13).

The Court recognizes that Detari generally claims to have suffered serious injuries as a result of his truck being rear-ended. However, the Court has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met. And Detari has described these categories of damages in such a vague and inexact manner that the Court would indeed be required to engage in rank speculation to ascribe any monetary value to these damages.

For instance, while Detari describes bodily injury and the need for medical treatment, the presuit demand letter before the Court explains that Detari has incurred only

4

$24,074 in medical expenses. (Doc. # 1-1 at 5). In addition, while the demand letter describes headaches and back pain, it does not explain how Detari suffered the claimed "disability." In addition, the record before the Court describes the possibility that Detari may require future medical procedures, however, the cost of those procedures is not discussed and, even if the cost had been disclosed, such unplanned procedures are too speculative to include in the Court's jurisdictional discussion. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip-and-fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses, and permanent injury).

The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Keogh v. Clarke Envtl. Mosquito Mgmt., Inc., No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5

(M.D. Fla. Jan. 17, 2013)(internal citations omitted). But, overall, the record is devoid of evidence to suggest that Detari's damages from this accident exceed the $75,000 amount in controversy threshold. Compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(denying motion to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question).

In an attempt to bolster its deficient jurisdictional showing, Fed-Ex points to Detari's aforementioned pre-suit demand letter seeking $250,000. (Doc. # 1-1). A number of federal courts, including the present Court, have held that settlement offers stated in demand letters do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)("A settlement offer is relevant but not determinative of the amount in controversy.").

Instead, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); Piazza, 2010 WL 2889218, at *1 ("[A] settlement demand provides only marginal evidence of the amount in controversy because the plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff.").

Detari's demand letter provides a comprehensive discussion of his physical injuries and a detailed account of the crash. However, even crediting every word contained in the demand letter, the Court is not persuaded that the amount in controversy exceeds $75,000.

In a case such as this, where the "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). Fed-Ex falls well short

7

of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **REMANDED** to state court. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of January, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE